David E. Hardin    (0066415)
Trial Attorney for Shaun Wells    08 JAN 23  PM 3: 45

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHAUN WELLS** | : | CASE NO. : **1:08 C V 0061** |
| c/o Hardin, Lazarus, Lewis & Marks, LLC | | |
| 30 Garfield Place, Suite 915 | : | **J. BARRETT** |
| Cincinnati, Ohio 45246, | | Judge _____ |
| | : | |
| Plaintiff, | | |
| | : | |
| vs. | : | **COMPLAINT FOR** |
| | | **DISABILITY DISCRIMINATION** |
| | : | **AND FOR** |
| **WARREN COUNTY, OHIO** | | **COMPENSATORY AND PUNITIVE** |
| c/o Rachel Hutzel, Prosecutor | : | **DAMAGES** |
| 500 Justice Drive | | |
| Lebanon, Ohio 45036 | : | **JURY DEMAND ENDORSED HEREIN** |
| | | |
| and, | : | |
| | | |
| **WARREN COUNTY SHERIFF'S** | : | |
| **OFFICE,** | | |
| c/o Tom Ariss, Sheriff | : | |
| 550 Justice Drive | | |
| Lebanon, Ohio 45036 | : | |
| | | |
| and, | : | |
| | | |
| **TOM ARISS, SHERIFF** | : | |
| c/o Warren County Sheriff's Office | | |
| 550 Justice Drive, | : | |
| Lebanon, Ohio 45036 | | |
| | : | |
| and, | : | |
| | | |
| **LARRY SIMS, CHIEF DEPUTY** | : | |
| c/o Warren County Sheriff's Office | : | |
| 550 Justice Drive | | |
| Lebanon, Ohio 45036 | : | |
| | | |
| and, | : | |

1

**RANDAL TURNBOW, MAJOR**  :
c/o Warren County Sheriff's Office  :
550 Justice Drive
Lebanon, Ohio 45036  :

   and,  :

**JOHN NEWSOM, MAJOR**  :
c/o Warren County Sheriff's Office
550 Justice Drive  :
Lebanon, Ohio 45036

        :

   and,
        :

**JOHN DOES AND JANE DOES 1-8**
Names and addresses unknown  :

   and,  :

**ABC COMPANIES/CORPORATIONS 1-8**
Names and addresses unknown.  :

  **NOW COMES** Plaintiff, by and through counsel, and for her Complaint asserts the

following:

## I. <u>INTRODUCTION</u>

  This action is brought by a former Corrections Lieutenant with the corrections department of

the Warren County Sheriff's Office, located in Warren County, Ohio, who was disciplined and

subsequently terminated from his employment with the Warren County Sheriff's Office due to the

disparate, discriminatory treatment he received from his employer due to his disability, and in

retaliation for pursuing his rights under federal and state law.

2

## II. PARTIES

1.     Plaintiff, Shaun Wells, (hereinafter "Plaintiff"), is a Caucasian male who brings this action to redress injury done to him by the Defendants' discriminatory and disparate treatment of him on the basis of his disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 (e) et seq, providing for relief from discrimination in employment on the basis of his disability; the Americans with Disabilities Act, providing for relief from discrimination and employment on the basis of disability; and pursuant to Ohio Rev. Code 4112.02, applicable sections of the Ohio Fair Employment Practices Act prohibiting discrimination in employment on the basis of disability; and the common laws of the State of Ohio.

2.     Defendant, Warren County, Ohio (hereinafter referred to as "County"), is a political subdivision and municipal corporation formed and existing under the laws of the State of Ohio as a charter form of government, with offices located at 550 Justice Drive, Lebanon, Ohio 45036, and is an "Employer", under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. 2000 (e), et seq, and Ohio Revised Code Section 4112.99.

3.     Defendant Warren County Sheriff's Office ("Sheriff"), is and at all times relevant to this action, a law enforcement and corrections agency licensed in and by the State of Ohio, doing business in and in service for Warren County, Ohio, and engaged in law enforcement and corrections the employment of law enforcement officers and corrections officers within Warren County, Ohio. At all times relevant hereto, Sheriff was the employer of Plaintiff.

4.     Defendant Tom Ariss (hereinafter referred to as "Ariss"), was, at all times relevant hereto, the Sheriff of the Warren County Sheriff's Office, with a business address of 550

3

Justice Drive, Lebanon, Ohio 45036. At all times material hereto, Defendant Ariss, acted both in his official capacity as agent for Defendant County, and/or in his individual capacity, as well as in the course of his employment. He is sued individually for damages and in his official capacity for equitable relief. Defendant Ariss is an employer within the meaning of federal and state law.

5.     Defendant, Randal Turnbow, (hereinafter referred to as "Turnbow"), was, at all times relevant hereto, a Major with the Warren County Sheriff's Office, with a business address of 550 Justice Drive, Lebanon, Ohio 45036. At all times material hereto, Defendant Turnbow acted both in his official capacity as agent for Defendant County, and/or in his individual capacity, as well as in the course of his employment. He is sued individually for damages and in his official capacity for equitable relief. Defendant Turnbow is an employer within the meaning of federal and state laws.

6.     Defendant, Larry Sims, (hereinafter referred to as "Sims"), was, at all times relevant hereto, a Chief Deputy with the Warren County Sheriff's Office, with a business address of 550 Justice Drive, Lebanon, Ohio 45036. At all times material hereto, Defendant Sims acted both in his official capacity as agent for Defendant County, and/or in his individual capacity, as well as in the course of his employment. He is sued individually for damages and in his official capacity for equitable relief. Defendant Sims is an employer within the meaning of federal and state laws.

7.     Defendant, John Newsom, (hereinafter referred to as "Newsom"), was, at all times relevant hereto, a Major with the Warren County Sheriff's Office, with a business address of 550 Justice Drive, Lebanon, Ohio 45036. At all times material hereto, Defendant Newsom acted both in his official capacity as agent for Defendant County, and/or in his individual capacity, as well as in the course of his employment. He is sued individually for damages and in his official capacity for equitable relief. Defendant Newsom is an employer within the meaning of federal and state laws.

4

8.     Defendants John/Jane Does 1-8, are employers, employees, agents, officers, assigns or other individuals who may be liable to Plaintiff for the discriminatory treatment he has suffered as a result of his employment with Defendant County, whose identities have not yet been ascertained through due diligence, but whom may be identified at a later date.

9.     Defendants ABC Companies and/or Corporations 1-8, are insurance companies or other entities which may be liable to Plaintiff for the discriminatory treatment he received and suffered from as a result of his employment with County and/or Sheriff, as noted above, whose identities have not yet been ascertained through due diligence, but which may be identified at a later date.

## III. JURISDICTION AND VENUE

10.     This Court has jurisdiction to hear this case pursuant to 28 U.S.C. and Sections 1331 and 1343, because this case arises under the laws of the United States, and by 42 U.S.C. 2000 (e) et seq., because Plaintiff seeks redress for acts of discrimination in employment on the basis of his documented and known disability. Plaintiff invokes this Court's pendant jurisdiction with respect to his claims based on the laws of the State of Ohio, pursuant to 28 U.S.C. 1367, as those claims arise out of the same set of operative facts, making them part of the same case in controversy.

11.     Venue is properly laid in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. Section 1391 (b), because a substantial part of the events giving rise to these claims, occurred in the Southern District of Ohio, Western Division, and more specifically, within Warren County, Ohio.

5

## IV. FACTUAL ALLEGATIONS

12.     Plaintiff is a Caucasian male, with a diagnosed disability, namely, dysthemic Disorder and addictive personality, and was formerly employed with Defendant County and Sheriff as a corrections Lieutenant in the correctional facility. Plaintiff had been employed with the Defendant Sheriff since 1997. He continued with that employer at all times relevant hereto until his wrongful termination on May 26, 2006.

13.     On or about March 31, 2006, an administrative investigation was requested by Defendant Turnbow into alleged wrongdoing by Plaintiff and two (2) other supervisory personnel within the Warren County Sheriff's Office relating to inappropriate internet activities while on duty. Other employees were also investigated for similar activities.

14.     On April 1, 2006, Plaintiff was notified by electronic mail transmission from Defendant Turnbow that Plaintiff was to see Lieutenant Eric Tonstad with Warren County Internal Affairs, on Monday April 3, 2006. No explanation was given for the meeting. The April 3, 2006 meeting was then cancelled and rescheduled for April 4, 2006.

15.     On April 4, 2006, Plaintiff was interviewed by Lieutenant Tonstad and formally notified that he was the subject of an administrative investigation into on duty viewing of pornographic materials and using county computers for such a use.

16.     At the end of the interview on April 4, 2006, Plaintiff notified Defendants, by and through Tonstad, that he had a "problem" and that he wanted assistance in this problem, but he did not know how to go about getting this help. Tonstad and the assisting detective agreed and informed Plaintiff he should seek help.

6

17. Prior to March 31, 2006, Plaintiff had an exemplary work record and over his nine years.

18. Prior to March 31, 2006, Plaintiff was fully qualified and capable to continue in his position of a corrections Lieutenant. He did inform his Employers/Defendants of his need for assistance and his disability. Defendant Turnbow was immediately notified of Plaintiff's concession and need for assistance. Plaintiff was given the name and phone number for the Employee Assistance Program (EAP) by Lieutenant Ryan.

19. On April 4, 2006, after the interview and meeting with Defendant Turnbow, Plaintiff was placed on administrative leave and told to await his phone call.

20. On April 5, 2006, Plaintiff was phoned by Defendant Turnbow and told to report to his office the following day, April 6, 2006.

21. On April 6, 2006, Plaintiff reported as ordered to Defendant Turnbow's office. He was informed that he was officially placed on administrative leave and was ordered to surrender his badge and identification card until further notice.

22. On April 6, 2006, Plaintiff attempted to call EAP, but received no response. He left a message. From April 17, 2006 through April 20, 2006, Plaintiff made several calls to EAP. Plaintiff was informed that Defendant Sheriff's Office had not completed the contract with EAP, and that they were unable to help him. EAP did give Plaintiff the phone number for M. Douglas Reed, Ph.D., a forensic psychologist, for follow up.

23. Plaintiff contacted Dr. Reed and made an appointment to see him as soon as possible. Plaintiff was seen by Dr. Reed over a period of testing days from May 4, 2006 through May 8, 2006. During this period of time, Plaintiff remained on administrative leave pending the

7

report and recommendation of Dr. Reed.

24.     At all times relevant hereto, at least seven other officers and/or supervisors were being investigated for their use and/or viewing of pornographic materials while on duty and using county computers.

25.     At least two other similarly-situated supervisory position corrections officers, Sergeants French and Hoffman, each had much more egregious and detailed disciplinary backgrounds and had a more voluminous account of pornographic images on his respective computer. Neither of the other two (2) supervisors was diagnosed with a disability and each was allowed to keep his job.

26.     On May 9, 2006, after several tests, interviews and checklists, Dr. Reed prepared and submitted a detailed and comprehensive Forensic Psychological Evaluation on Plaintiff to his union. The Evaluation was prepared and submitted as part of an effort to identify and notify Defendants of Plaintiff's disability and prescribe a detailed and rehabilitative plan of treatment and recovery. Dr. Reed opined that Plaintiff had a disability, a mental illness, a dysthemic disorder, which is treatable and controllable.

27.     In his May 9, 2006 report Dr. Reed specified the disability and opined that Plaintiff had a sincere desire to treat and control his disability. Dr. Reed continued that the disability was "treatable" and that an "outpatient psychotherapy treatment program" would assist in his treatment. It was also Dr. Reed's opinion that Plaintiff could be reasonably accommodated by monitored treatment "rather than to be released from his job".

28.     Dr. Reed's report and request for reasonable accommodation was noticed to Defendants/Employers on May 9, 2006. The terms of the reasonable accommodation, treatment

8

Case 1:08-cv-00061-MRB Document 1 Filed 01/23/08 Page 9 of 17

and seclusion from computer access during the treatment was reasonable and could be easily accommodated.

29. Plaintiff requested and exhausted all administrative remedies available to him prior to seeking agency level and judicial remedies.

30. As mentioned above, at least six other similarly situated employees and/or supervisors committed lateral if not more egregious and serious offenses related to misuse of the computer systems at work at Warren County and the Warren County Sheriff's Office.

31. As mentioned above, at least six (6) other similarly situated employees of the Defendants were investigated and scrutinized for his or her misuse of county owned computers and viewing of pornography while at work with Defendant County and/or Sheriff's office.

32. At least two (2) similarly situated supervisory level employees of Defendants had previous and more severe disciplinary records as did Plaintiff at all times relevant to this Complaint.

33. As mentioned above, Plaintiff had been diagnosed with a disability and a reasonable request for accommodations was made prior to his being formally terminated following his grievance and appeal rights under his contract.

34. Plaintiff, with a known and treatable disability, was treated more severely and harshly than non-disabled employees.

35. Defendants Sims and Ariss, all were in positions superior to Turnbow. Newsom has similar supervisory and decision-making powers as Turnbow. Each had an opportunity to review and re-consider and/or modify the discipline taken against Plaintiff and the similarly-situated other supervisory personnel. Defendants Newsom, Sims and Ariss, each ratified and

9

colluded in the discrimination and disparate treatment levied against Plaintiff by Defendants.

36.     At all times relevant to this cause of action, Plaintiff was qualified for his job and position. At all times relevant hereto after being diagnosed with a disability, Plaintiff was qualified to continue in his employment with reasonable accommodations commensurate to Dr. Reed's opinion and evaluation.

37.     On May 26, 2006, after diagnosis and treatment had been identified, noticed to Defendant/employers and an opportunity to reasonably accommodate Plaintiff, Plaintiff was wrongly and discriminatorily terminated for the same offenses as non-disabled supervisors who were retained and given discipline ranging from a written reprimand to suspension.

38.     The disabled Plaintiff was the only similarly-situated supervisor who was terminated.

39.     Other similarly-situated supervisors were not terminated and received much less severe discipline for substantially similar actions and infractions.

40.     The Defendants' termination of Plaintiff and other actions were in direct contravention to his doctor's orders. Defendants, in concert, also knowingly and discriminatorily removed Plaintiff and foreclosed Plaintiff from available accommodations which would have reasonably accommodated his disability during his course of treatment. Despite his qualifications, and experience, he was never offered any of these positions. Instead, Plaintiff was discriminatorily discharged from his employment while other offending employees were retained to his detriment.

41.     Because of his condition of dysthemic disorder and addiction, Plaintiff was discriminatorily withheld from further employment with Defendants.

42.     Plaintiff timely filed a grievance report form grieving his termination. Plaintiff's grievance was denied through all administrative channels, including appeal to the Sheriff.

10

43.     During all times relevant hereto, Defendants maintained, fostered and continued a pattern of ignorance toward similarly-situated non-disabled supervisors and employees for their respective indiscretions and policy violations.

44.     During all times relevant hereto, Defendants, by and through its supervisors, agents, and employees, including but not limited to Defendants Ariss, Sims, Newsom and Turnbow, facilitated and ratified several policy violations by other similarly situated non-disabled supervisors and employees.

45.     As a direct result of Defendants' discrimination against Plaintiff based on his disability, he lost regular income, overtime income opportunities, promotional opportunities and educational training opportunities, as well as other benefits of employment at a rate still to be determined.

46.     Defendants Ariss, Sims, Newsom and Turnbow, all possessed decision-making powers for Defendants Sheriff and County during periods relevant hereto.  The above-named Defendants, individually and collectively as decision-makers for the employers, discriminatorily terminated Plaintiff, and in turn, denied Plaintiff promotional opportunities, removed him from or withheld him from light duty assignments to which he was qualified, treated Plaintiff in an inferior manner based on his disability and retaliated against Plaintiff for seeking necessary treatment and maintaining his rights as a disabled person under federal and state law.

47.     Further, Defendants withheld promotional opportunities and other benefits from Plaintiff, gave him unfavorable work assignments, and treated him unfavorably in terms and conditions of his employment because of his disability and in retaliation for him being disabled. Plaintiff's non-disabled co-workers received more favorable working conditions and work

11

assignments.

48.     Defendants had notice of the discrimination and harassment described above because the harassment was pervasive and obvious.

49.     Defendants failed to take remedial action in response to Plaintiff's complaints and grievances and denied him his grievance rights under contract and state law.

50.     Defendants acted with malice toward Plaintiff and without regard for his constitutional rights by subjecting him discrimination and harassment, by terminating his employment in a discriminatory manner, by denying him continued employment and promotional opportunities, light duty assignments, and otherwise discriminating against him with regard to tenure, terms, conditions and privileges of employment, because of his disability and in retaliation of pursuing his rights.

51.     Defendants conduct described above has substantial and detrimental effect on Plaintiff's employment and on his psychological well being.

52.     As a direct and proximate result of above-named Defendants' action as set forth above, Plaintiff has suffered loss of wages, loss of fringe benefits, loss of opportunity to be able to continue to gain full employ in which he has been engaged for the prior years, loss of future earnings, loss of reputation, humiliation, embarrassment and loss of self esteem, adverse health effects, and loss of time and money endeavoring to protect himself from Defendant's unlawful discrimination, including the cost and reasonable attorney fees of this action.

53.     On November 15, 2006, Plaintiff filed a timely charge of discrimination with the Ohio Civil Rights Commission (OCRC) and with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on his disability.

12

54.    On February 1, 2007, the OCRC formally sent notice to the parties that it had dismissed the charge. Plaintiff filed a timely request for reconsideration, which was denied by the OCRC.

55.    On October 25, 2007, Plaintiff received the EEOC's Dismissal and Notice of Rights letter. This Complaint is timely filed within the ninety (90) days.

## CAUSES OF ACTION

## V. COUNT I.

## Disability Discrimination
## (ADA)

56.    Plaintiff realleges all of the allegations contained in paragraphs 1- 53 of this Complaint as if fully rewritten.

57.    At all times relevant, Defendants and its/their officers, employees and agents treated Plaintiff disparately on the basis of his disability in violation of the Americans with Disabilities Act (ADA), and the Fourth and Fourteenth Amendments to the United States Constitution.

58.    Defendants' conduct described above unlawfully and unconstitutionally deprived Plaintiff of the equal protection of law, in violation of 42 USC 1983, because of his disability as guaranteed by the equal protection clause of the 14th Amendment of United States Constitution.

59.    Defendants actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's constitutional rights.

60.    As a direct and proximate result of Defendants discriminatory conduct, Plaintiff has suffered injuries and damages for which he is entitled to recover.

13

## VI. COUNT II
## Disability Discrimination (Ohio Revised Code section 4112)

61.    Plaintiff realleges the allegations contained in paragraphs 1-58 of this Complaint as if fully rewritten herein.

62.    Plaintiff was subjected to adverse employment action on the part of the Defendants and forced to endure a hostile and discriminatory workplace as a result of the part of the above-named Defendants, in violation of Ohio Rev. Code section 4112.02 and 4112.14.

63.    The discriminatory treatment was directed against Plaintiff as a result of his being disabled under Ohio law.

64.    Defendants treated Plaintiff in a disparate manner terminated him and denied him opportunities and assignments and other incidents of his employment as a result of his disability.

65.    Defendants' conduct violated ORC. 4112.02 and 4112.14, and Plaintiff is entitled to judgment pursuant to ORC 4112.99.

## VII. COUNT III
## Disparate Treatment (Title VII)

66.    Plaintiff realleges the allegations contained in paragraphs 1- 63 of this Complaint as if fully rewritten herein.

67.    At all times relevant, Defendants and its/their officers, employees and agents treated Plaintiff disparately on the basis of his disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution.

68.    As a direct and proximate result of said disparate treatment, Plaintiff suffered a substantial loss of compensation, loss of opportunity and a loss of reputation. Further, Plaintiff

14

has suffered humiliation, embarrassment, loss of self-esteem, adverse working conditions,

harassment and loss of time and money endeavoring to protect himself from Defendants'

unlawful discrimination, including costs and attorney fees.

69.    As a result of Defendants discriminatory conduct, Plaintiff has been damaged as

set forth in more detail in this Complaint.

## VIII. COUNT IV
### (Retaliation)

70.    Plaintiff realleges the allegations contained in paragraphs 1-67 of this Complaint

as if fully rewritten herein.

71.    Defendants retaliated against Plaintiff for pursuing his rights under federal and

state law.

72.    The punitive action of terminating Plaintiff from his employment at County and

Sheriff's while retaining other similarly situated, non-disabled supervisors, who committed

similarly, if not more serious infractions was in retaliation for his asserting his rights under

federal and state law.

73.    As a result of Defendants' discriminatory conduct, Plaintiff has been damaged as

set forth in more detail in this Complaint.

## IX. COUNT V
### (Intentional Infliction of Emotional Distress)

74.    Plaintiff realleges the allegations contained in paragraphs 1-71 of this Complaint

as if fully rewritten herein.

15

75.     The conduct of Defendants, by and through its agents, and/or supervisors as

alleged hereinabove, constitutes an intentional, knowing and reckless infliction of emotional

harm.

76.     As a direct and proximate result of said intentional conduct, Plaintiff has suffered

and will continue to suffer damages, including, but not limited to, anxiety, stress and emotional

trauma in an amount to be more fully determined at trial.

## X. COUNT VI
## (Negligent Infliction of Emotional Distress)

77.     Plaintiffs realleges the allegations contained in paragraphs 1-74 of this Complaint

as if fully rewritten herein.

78.     Defendants negligent conduct in the wrongful demotion of Plaintiff has caused

Plaintiff serious emotional distress.

79.     The mental anguish suffered by the Plaintiff is serious and of a nature that no

reasonable person should be expected to endure.

80.     Plaintiff's serious emotional distress was reasonably foreseeable by the Defendants

at the time of Plaintiff's termination.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severely as
follows:

(a)     Enter a judgment finding that Defendants have violated federal and Ohio law as
set forth above;

(b)     Award damages that will reasonably compensate Plaintiff for his damages,
including loss of employment opportunities, retirement benefits and contributions and
accompanying health care benefits as set forth above;

(c)     Award Plaintiff an amount to be determined at trial for humiliation,
embarrassment, loss of reputation, loss of self-esteem, emotional distress and pain and suffering;

16

(d)     Award Plaintiff punitive damages in an amount in excess of $ 100,000.00;

(e)     Award Plaintiff reasonable attorney fees and costs of this action; and

(f)     Grant Plaintiff such other and further relief as may be just and equitable.


## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, **Plaintiff herby demands a jury trial on all triable issues.**

David E. Hardin                              (0066415)
Hardin, Lazarus, Lewis & Marks, LLC
Trial Attorney for Plaintiff Shaun Wells
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
(513) 721-7300
(513) 721-7008 (fax)
e-mail: davidhardin29@yahoo.com

17